John L. Larkin, J.
In this article 78 proceeding brought by Arthur Greene, a taxpayer in the City of Poughkeepsie, the respondent, Henry L. Diamond now moves pursuant to CPLR 7804 (subd. [f]) to dismiss the petition on the ground that it is insufficient as a matter of law and it is barred by the 60-day Statute of Limitations; that it sets forth no clear, legal right to the relief requested and that, as a matter of law, the petition is insufficient on its face and the petitioner has no capacity of standing to sue.
The State of New York, Department of Conservation, Water Resources Commission, on March 5, 1968, rendered a decision approving the Town of Poughkeepsie water supply application No. 5488. In that decision, it provided, inter alia: “ C. Unless the works authorized by this decision shall have been fully completed by March 1, 1971 or within such extended time as may have been applied for and granted by the Commission, then and *725 on that date this decision shall be deemed to have lapsed and to be of no further force and effect.”
By letter dated February 14, 1972, a request was made on behalf of the Town of Poughkeepsie for an extension of time for the completion of works and on February 29,1972 the Department of Environmental Conservation (successor to the Water Resources Commission), modified said decision to provide for the completion of the works by December 31, 1972.
Thereafter, and on April 6, 1972, the Town of Poughkeepsie filed a petition for approval of completed works and on April 10, 1972 the Department of Environmental Conservation approved the works as constructed and authorized the operation.
The petitioner, Arthur Greene, was an objector to the water supply application and participated in administrative hearings held and conducted in connection with said application. The respondent, Henry L. Diamond, contends that the instant petition is barred by the 60-day Statute of Limitations set forth in subdivision (2) of section 432 of the Conservation Law. The determination of the Water Resources Commission was made on March 5,1968 and filed on February 29,1972 and the instant petition was not served until July 9, 1972. Nevertheless, this court determines the date from which the 60 days are measured commenced on April 10, 1972, the date that the Department of Environmental Conservation approved the works as constructed and authorized their operation. Therefore, the State’s position that the Statute of Limitations has expired is without merit.
The respondent, Henry L. Diamond, also contends that the petitioner has no standing to bring this action because he is a taxpayer of the City of Poughkeepsie (St. Clair v. Yonkers Raceway, 13 N Y 2d 72).
Casting aside for a moment the determination of whether the petitioner has standing to bring the action, this court considers the merits of the contentions of the petitioner, Arthur Greene, that the original decision of the Water Resources Commission, dated March 5, 1968, lapsed and became void on March 1, 1971, by its own terms, and that thereafter the modifications of March 5, 1968 and the ultimate decision dated February 29, 1972 were granted without any statutory authority, were void and of no effect, and thus the final determination approving the completed works of April 10, 1972 was void.
With these contentions this court cannot agree. The issue simply stated is whether or not the administrative agency, originally the Water Resources Commission, now the Department of Environmental Conservation, has the power to amend or *726 modify an administrative decision of their own. This court adopts, for the purpose of this case, the rationale set forth in Bookman v. United States (453 F. 2d 1263, 1265), in which the court said: “ Any inquiry into the reconsideration powers of an administrative agency must take full cognizance of the broad policy considerations succinctly defined by Mr. Chief Justice Warren in Civil Aeronautics Board v. Delta Air Lines, Inc., 367 U. S. 316, 321 * * * Whenever a question concerning administrative, or judicial, reconsideration arises, two opposing policies immediately demand recognition: the desirability of finality, on the one hand, and the public interest in reaching what ultimately, appears to be the right result on the other. It is often the case that reconsideration of a prior decision, within a reasonable period of time, is absolutely essential to the even adminstration of justice # * * The importance of the right of reconsideration is dependent upon the importance of the challenged decision * * * For these reasons, it is the general rule that ‘ [ejvery tribunal, judicial or administrative, has some power to correct its own errors or otherwise appropriately to modify its judgment, decree, or order. ’ # * * In past years, we have been called upon to consider this important question of reconsideration in situations where there are no statutory or administrative guidelines. Quite consistently, we have held that absent contrary legislative intent or other affirmative evidence, this court will sustain the reconsidered decision of an agency, as long as the administrative action is conducted within a short and reasonable time period.” In Bookman (supra), cited in the brief of the Attorney-General, the court held that every tribunal has some power to correct its own errors or otherwise appropriately modify its judgment, decree, or order.
This court holds that the reconsidered decision of the agency, under these circumstances, is proper and reasonable. The petition is dismissed because the petition is insufficient on its face to entitle the petitioner to the relief sought.